Opinión disidente emitida por el
Juez Asociado Señor Rivera Pérez.
El Juez Asociado Señor Rivera Pérez disiente del curso de acción tomado por la Mayoría. Los apelados violaron el juramento que prestaron al momento de presentar sus candidaturas como senadores por acumulación y por distrito bajo la insignia del Partido Nuevo Progresista (P.N.P.) en los comicios electorales del 2004. Por virtud de ese juramento, se comprometieron y se obligaron a acatar y cumplir los reglamentos, acuerdos y resoluciones de los organismos rectores de ese partido. No obstante, los apelados no cumplieron con la Resolución de la Asamblea General *628 del P.N.P. de 15 de mayo de 2005, en la cual se instruyó a todos los senadores electos por ese partido político a elegir al Hon. Pedro Rosselló González, presidente de la colectividad y senador por el Distrito de Arecibo, como Presidente de ese cuerpo legislativo. Los apelados no acataron la decisión del Caucus de la mayoría parlamentaria del P.N.P. en el Senado, tomada el 26 de mayo de 2005, de cumplir con el mandato de la Asamblea General de ese partido político sobre esos extremos.
Los apelados violaron el primer párrafo del Art. 8 y el Art. 45 del Reglamento del P.N.P. de 2005. Violaron, además, la declaración de propósitos de esa colectividad política infringiendo de esa forma el Art. 5 de ese reglamento.
Concluimos que el P.N.P. no violó la garantía a un debido procedimiento de ley de los apelados, al imponerle las medidas disciplinarias en cuestión. El debido proceso de ley no tiene un contenido fijo independiente de la situación particular presente. Su contenido es siempre circunstancial. Gilbert v. Homar, 520 U.S. 924 (1997); Morrissey v. Brewer, 408 U.S. 471 (1972); Cafeteria Workers v. McElroy, 367 U.S. 886 (1961).
Las circunstancias particulares y procesales del caso de marras claramente demuestran que no es procedente el curso de acción de la Mayoría. No está presente ante nos, exigencia válida de debido proceso de ley que justifique tal proceder. A los apelados no le asiste derecho propietario alguno que reclamar frente al P.N.P. La condición de “miembro afiliado” de un partido político no es un derecho protegido; queda sujeto al cumplimiento del reglamento y de las resoluciones y acuerdos de los organismos rectores de la colectividad política. Los derechos y privilegios de los apelados como legisladores electos al Senado de Puerto Rico no fueron afectados en forma alguna.
El derecho de asociarse libremente con el fin de adelantar principios e ideas políticas comunes, bajo la Primera Enmienda de la Constitución de Estados Unidos, presupone necesariamente la libertad de identificar las personas que constituyen esa asociación como “miembros afiliados” *629 y limitarla a esas personas solamente. Tal derecho resultaría en una garantía hueca o vacía si los partidos políticos no pudieran decidir con quienes comparten sus intereses, y podrían persuadir al electorado sobre sus principios. Los partidos políticos tienen el derecho, como parte de su libertad de asociación, a protegerse contra la penetración de personas en sus procesos internos que pretenden presentarse al electorado con su insignia cuando postulan principios políticos adversos a los de esa colectividad. Los partidos políticos tienen el derecho y la prerrogativa de determinar quién es “miembro afiliado” dentro de esa colectividad. Democratic Party of U.S. v. Wisconsin, 450 U.S. 107, 126 (1981).